[Crim. No. 1651. Third Appellate District.—December 12, 1938.]

THE PEOPLE, Respondent, v. AMADOR AVILA, Appellant.

M. Logan Rich for Appellant.

U. S. Webb, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Amador Avila, appellant herein, with one Gapol, was jointly charged by information of crimes of robbery and burglary.

From a judgment of conviction of Avila and from an order denying his motion for a new trial, this appeal is taken.

It is charged that on July 5, 1938, defendants stole, took and carried away about $100 in lawful money from the person of one Julia Cabebe. In the second count it was charged that the defendants at the same time did unlawfully and burglariously enter a certain building with the intent of then and there to commit theft.

From the testimony it appears that Julia Cabebe and her husband, Vincent Cabebe, were joint proprietors of a restaurant in Stockton, which was largely patronized by members of the Filipino race.

On the morning of July 5th, Mrs. Cabebe counted her money which she had taken from her restaurant the day before, and found there was $194.50. When she finished counting this money she placed it in a leather purse and placed the purse in the bosom of her dress, and went to her place of business. About 6 o'clock on the evening of that day the defendant, Amador Avila, came into the restaurant and ordered a glass of milk. Mrs. Cabebe served the milk, and after Avila paid for the same he walked out onto the sidewalk and poured the same in the gutter. When he returned Mrs. Cabebe asked him why he did that, and he thereupon seized the front of her dress, tearing it open, took out the leather purse, and extracted a handful of bills, which the evidence disclosed was afterward found to be of the value of $100. At the time this act occurred there were three or four patrons in the restaurant, and many persons outside. Mrs. Cabebe immediately called for help and a small riot took place in the restaurant. Within a few moments police officers arrived, and forced the spectators, all of whom were Filipinos, into a rear room of the restaurant. While the officers were attempting to restore order, the two defendants, Avila and Gapol, escaped. They were soon apprehended and returned to the restaurant, where Avila was identified by Mrs. Cabebe and other witnesses as the man who had seized her purse and took the money.

Four points are raised by this appeal. It is first charged that the trial court erred in refusing to grant a new trial to permit Avila to present newly discovered evidence. This motion was presented upon affidavits from which it appeared that appellant claims that the dress of Mrs. Cabebe

was not torn; that Avila did not run from the restaurant but was ordered out; that a fight then occurred on the sidewalk, and that no assault was made upon Mrs. Cabebe, and also contradicted Mrs. Cabebe's testimony in other particulars.

It would appear that this evidence is merely cumulative and is not such as to render a different result probable upon a retrial. Neither does it appear from the affidavits that the evidence proposed to be introduced at the new trial could not, with the exercise of reasonable diligence, have been discovered or produced on the original trial. Nor is there a showing that the evidence in question was unknown to appellant at the time of the trial. We do not believe the court erred therefore, in refusing to grant a new trial.

■ The next point presented on appeal was that the trial court erred in refusing to admit certain testimony concerning an alleged brawl in a barber shop near the restaurant shortly prior to the alleged crime charged in this information. We do not see where this testimony can be particularly material upon the issues in the criminal charge, and while it would not perhaps have been error to have admitted the same, it certainly was not prejudicial to the rights of defendant to refuse to admit the testimony.

■ The third point urged for reversal is that the evidence was insufficient to support the judgment. It is claimed that there was no evidence corroborating the fact that Mrs. Cabebe lost her money. It was testified, however, by Mrs. Domasco, as follows:

" . . . I turned around and Mr. Avila was holding her dress. . . . Q. You just demonstrate to the members of the jury how he had a hold of Mrs. Cabebe? A. He had a hold— she had a zipper on the front of her dress, and he had a hold of her this way; with his right hand he took out a roll of bills. Q. Did you see him take out a roll of bills? A. Yes, I seen it in his hand. Q. You saw the roll of bills in his hand? A. Yes sir."

We have the testimony of a bystander that immediately after the alleged robbery Mrs. Cabebe was shouting, "Police, Police, somebody stole my money!". We also have the testimony of the complaining witness, Mrs. Cabebe, to the effect that the defendant took her money and that she missed $100

from her purse. The only direct evidence contradicting this testimony is that of the defendant himself.

It is also claimed the district attorney erred in that he asked several of the witnesses for the defense if they belonged to the same Filipino lodge as that in which defendant was a member. This question went merely to the credibility of the witnesses.

The testimony is not as clear and convincing as might be desired but all of the interested parties including the witnesses were Filipinos, who apparently brought into the case all of their prejudices and partisanship, and it is difficult for us to say exactly where the truth might lie. That, however, was the duty in the first instance of the jury, and, upon the motion for a new trial, for the trial judge. They were apparently convinced of the guilt of the defendant, and there is nothing in the record to justify us in now determining otherwise.

It is also urged that the court erred in refusing to give certain instructions. We have read these instructions, and nothing would be gained by setting them forth in this opinion. The instructions given covered the charge fairly and completely, and we can find no reason for complaint.

The judgment and order from which this appeal is taken must therefore be affirmed, and it is so ordered.

Thompson, J., concurred.